**FILED**
JUN 0 5 2008
PATRICK E. DUFFY, CLERK
By _____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| FAYE E. SLICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> BRIAN SCHWEITZER, Governor ) <br> State of Montana, et al., ) <br> ) <br> Defendants. ) <br> ) | CV 07-04-H-DWM-RKS <br><br><br> ORDER |

Plaintiff Slice brings this action under 42 U.S.C. § 1983 alleging various constitutional violations stemming from her confinement at the Montana State Women's Prison. Slice is proceeding pro se.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff timely objected, thereby preserving her right to de novo review of the record. 28 U.S.C. § 636(b)(1).

In evaluating the merits of the Plaintiff's claim against

Defendants Schweitzer, Koch and Koss, the Magistrate correctly concluded that those claims are barred by Heck v. Humphrey, 512, U.S. 477 (1994). A complaint which would imply the invalidity of a conviction or sentence must be dismissed unless a plaintiff can demonstrate that the conviction or sentence has already been invalidated. Preiser v. Rodriguez, 411 U.S. 475 (1973). Plaintiff has filed a number of claims which challenge her conviction or sentence, yet offered no evidence demonstrating that the conviction or sentence has been invalidated, even going so far as to concede "my complaint...in no way challenges the validity of my sentence." The sole federal remedy for a prisoner's challenge to the fact or duration of her confinement is a writ of habeas corpus. Therefore, these claims are not proper in a case under 42 U.S.C. § 1983.

In assessing the Plaintiff's claim of an Eight Amendment violation for denial of adequate medical care, the Magistrate correctly concluded Plaintiff had not made a sufficient showing of deliberate indifference to her medical needs. Although Plaintiff is clearly dissatisfied with the medical treatment she has received, Plaintiff has provided extensive documentation that she has received medical treatment. Dissatisfaction with the treatment provided does not rise to the level of deliberate indifference; therefore, Plaintiff fails to state a claim for denial of medical care under the Eighth Amendment.

In assessing the merits of the Plaintiff's claim against the Montana Board of Pardons, the Magistrate correctly concluded that the Montana Board of Pardons, as an agency of the State, acting under its control, is "not subject to suit in federal court." Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144. The Board of Pardons is an agency under the administration of the Department of Corrections and therefore, Plaintiff's claims for damages against it are not cognizable in federal court.

Plaintiff objects to the recommended dismissal of her claims for denial of prison employment, appropriate housing, education opportunities and vocational training programs. She also objects to the dismissal of her claims related to destruction of her legal documents, loss of her prison employment, searches of her property, and her transfer to lock-up. These are not stand-alone claims for Constitutional violations but rather evidence in support of Plaintiff's First Amendment retaliation claim which will be served upon Defendants Speer, Osler, Cowee, Aldrich, Lusby and Acton.

Upon de novo review I adopt Judge Strong's Findings and Recommendation in full. It is therefore HEREBY ORDERED that Plaintiffs first, third, fourth and fifth claims for relief be DISMISSED, Defendants Schweitzer, Koch, Hanson, Guyer and the Montana Board of Pardons be DISMISSED, and all claims arising

prior to January 8, 2004 be DISMISSED as being barred by the applicable statute of limitations.

DATED this 5th day of June, 2008.

Donald W. Molloy, District Judge
United States District Court