

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| FAYE E. SLICE, ) | CV 07-04-H-DWM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MIKE FERRITER, Director of the ) | |
| Montana Department of Corrections, ) | |
| et al., ) | |
| Defendants. ) | |
| ) | |

Plaintiff Faye E. Slice brought this action pro se pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Keith Strong issued Findings and Recommendation on May 27, 2009. At issue are Judge Strong's conclusions regarding Slice's claims that the Department of Corrections (1) retaliated against her because she filed claims against the Department, (2) discriminated against her on the basis of sex, and (3) violated the Establishment Clause. Judge Strong

1

concluded that because the substantive issues Slice raises in her § 1983 complaint were addressed by the Montana Human Rights Bureau ("MHRB") in accordance with the fairness requirements set forth in U.S. v. Utah Constr. & Mining Co., 384 U.S. 394 (1966), and because the disposition of her claims meets preclusion requirements under Montana law, this Court is precluded from hearing her claims. On this basis, Judge Strong recommended granting Defendants' Motion for Partial Summary Judgment. Judge Strong also recommended dismissing Defendants Ferriter and Rantz because no claims remain against them.

Slice timely filed objections and is therefore entitled to de novo review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1).[1] The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Because the parties are familiar with the factual and procedural background, it will not be restated here, except when necessary to note the dates on which events occurred.

Slice first objects to Judge Strong's conclusion that the Court is precluded

---

[1] Defendants replied to Slice's objections and supported Judge Strong's determinations. Slice then filed a Response to Defendants' Reply (dkt #47). Defendants moved to strike this document, arguing it is not authorized by Fed. R. Civ. P. 72(b). However, because the Court adopts Judge Strong's Findings and Recommendations in full, the Defendants' motion is denied as moot.

from hearing her Establishment Clause claim. Judge Strong noted that the MHRB issued its Notice of Dismissal and Notice of Right to File Civil Action in District Court on August 25, 2008. Slice neither objected to nor appealed from the MHRB's decision. Slice filed her section 1983 complaint in this Court on January 22, 2007, before filing her Establishment Clause complaint with the MHRB on February 25, 2008. She argues the MHRB could not decide the issue because of the case pending in this Court. However, she cites no authority for this proposition. I agree with Judge Strong that the MHRB determination precludes this Court from hearing her Establishment Clause claims. As Judge Strong found, Slice had an opportunity to litigate her Establishment Clause claims before the MHRB, which found that her First Amendment rights had not been violated because the program at issue did not incorporate a religious doctrine. While she could have chosen not to file her Establishment Clause claim with the MHRB while the action was pending in this Court or she could have appealed from the MHRB's decision, she did neither. Therefore, she is precluded from now re-litigating her Establishment Clause claim before this Court.

Next, Slice asserts the Court is not precluded from hearing her claims of sex discrimination. She claims the settlement stipulation she entered with Defendants regarding her sex discrimination claim was not intended to waive her rights to

pursue additional court action against Defendants for those claims. As Judge Strong noted, and Slice emphasizes, the stipulation was not clear as to whether the settlement precludes future claims. However, the stipulation does state that it was intended to "resolve [the complaint] outside of costly litigation." Stipulation at 2 (dkt #32-3). Settlement agreements are construed as contracts, and the court must interpret the language to carry out the intent of the parties. Miller v. Fairchild Indus., Inc., 797 F.2d 727, 733 (9th Cir. 1986); U.S. v. Irvine, 756 F.2d 708, 711 (9th Cir. 1985). While the stipulation does not expressly state that it precludes future litigation, it does indicate that it was intended to end litigation. Slice and other inmates involved in the complaint were represented by counsel, and counsel agreed to the terms of the settlement. If the parties had intended to allow future litigation on the same issue, the stipulation could have included such a provision. As the stipulation was drafted, the Court infers that the parties intended to allow no additional litigation on the same issue. Therefore, the stipulation precludes the Court from adjudicating Slice's claims of sex discrimination.

Slice also objects to the recommendation to dismiss Defendants Ferriter and Rantz. She claims both of these Defendants were involved in the remaining claims she has asserted. As Judge Strong correctly found, Slice's complaint does not name Ferriter as a defendant as to her remaining claims, even if she now

4

argues that he should have been named. Further, Rantz was named only in a claim that was previously dismissed by the Court. These two defendants are dismissed from the case.

Finally, Slice objects to two Orders entered by Judge Strong regarding her motion for court-appointed counsel and motion to reinstate previously dismissed claims. However, these Orders are not subject to the same review by the Court. The Court may review such an Order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Slice merely restates her early arguments regarding these motions, and she offers nothing to show that Judge Strong's decision is clearly erroneous or contrary to law. I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt 44) are adopted in full. Defendants' motion for partial summary judgment (dkt #28) is GRANTED. Plaintiff's claims of sex discrimination, violations of the Establishment Clause and her retaliation claim regarding being fired from her position in the library are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Defendants Ferriter and Rantz are

DISMISSED.

IT IS FURTHER ORDERED that Defendants' motion to strike (dkt #48) is DENIED as moot.

DATED this ___ day of September, 2009.

_____
Donald W. Molloy, District Judge
United States District Court