

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| FAYE E. SLICE | ) | CV 07-04-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE FERRITER, Director of the | ) | |
| Montana Department of Corrections, | ) | |
| et al., | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Faye Slice brought this action pro se pursuant to 42 U.S.C. § 1983. The remaining claims involve her allegations of retaliation by the Defendants. United States Magistrate Judge Keith Strong issued Findings and Recommendation on December 10, 2009. Judge Strong recommended granting the Defendants' motion for summary judgment and dismissing Slice's remaining claims. Slice timely filed objections and is therefore entitled to de novo review of

1

the specified findings or recommendations to which she objects.[1] 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Because I agree with Judge Strong's analysis and conclusions, I adopt his Findings and Recommendations in full. The parties are familiar with the factual background of this case, so it will not be restated here.

Slice first objects to the refusal of the Court to appoint counsel for her. Judge Strong previously denied her request, and this Court agreed with Judge Strong's decision. Ord. at 5 (Sept. 8, 2009) (dkt #74). Slice offers nothing to demonstrate that the Court should revisit its earlier decision. Slice also objects to Judge Strong's mention of the procedural shortcomings in her pleadings. However, Judge Strong stated that any procedural shortcomings would not be held against Slice because she is appearing pro se. Findings & Rec. at 5.

Slice next restates her assertion that Defendants have denied her appropriate housing, restricted her gym access, destroyed legal documents, and refused delivery of legal mail. These claims have either been dismissed in previous orders

---

[1] Defendants filed a reply to her objections. Slice then filed a reply to the Defendants' reply. This is not authorized by statute. However, the Court has reviewed the document and, even if it was properly filed, it would make no difference to the conclusions reached here.

or, as Judge Strong correctly found, Slice has failed to provide admissible evidence to show that a genuine issue of fact remains as to these issues. She merely restates these claims, with nothing to support them. The Defendants are entitled to summary judgment on these issues. Likewise, Slice's objection that she was denied placement in a pre-release center was dismissed in a previous order and is not properly raised again. Ord. at 3 (June 5, 2008) (dkt #15).

Many of Slice's objections involve new claims that she has not previously asserted in this matter. For example, she argues for the first time that Defendants refused to process her grievances, that Defendant Lusby manipulated others to have Slice placed in lock-up, that she was not given adequate notice of a February 29, 2008 disciplinary hearing, and that Defendants improperly determined at the hearing that she had not been honest in the Phase-Up assessment. However, the time for amending her complaint to add new claims has long since passed. See Sched. Ord. at 3 (dkt #17). Further, Slice offers nothing to support these new claims. Even if it were proper for her to raise new claims in the context of a motion for summary judgment, she has presented "merely . . . allegations or denials" in her objections, which are insufficient to defeat summary judgment. Fed. R. Civ. P. 56(e)(2).

Slice objects to Judge Strong's findings regarding the events that led to her

3

being placed in lock-up on December 2, 2006. She claims she did not disobey a direct order by refusing to complete a Thinking Error Report and that it was a violation of her Due Process rights because she had not committed a rule violation that would permit her to be sanctioned with a requirement to complete a Thinking Error Report. These appear to be new allegations, and as stated above, Slice has not provided any admissible evidence to support the claims. Further, her claims are contradicted by the evidence before the Court. Judge Strong found that Slice herself admitted at the time that she was refusing a direct order when she would not complete the Thinking Error Report. Findings & Rec. at 21. Both Lieutenant Dolezal and Counilor Lusby stated that Slice was refusing a direct order when she declined to complete the Thinking Error Report. Aff. Dolezal, ¶¶ 6-8; Aff. Lusby, ¶ 15. She offers no admissible evidence in her objections to undermine this finding. Further, Lt. Dolezal made the decision to place Slice in lock-up, and Lt. Schroeckenstein made the decision that all inmates, including Slice, would complete a Thinking Error Report because of the behavioral problems in B-Pod. Aff. Dolezal, ¶¶ 7-8; Aff. Schroeckenstein, ¶ 4. Neither Lt. Dolezal nor Lt. Schroeckenstein is a defendant in this matter. Defendants are entitled to summary judgment on this claim.

Next, Slice restates her claim that Defendants retaliated against her by

moving her to a different pod when she sent a letter to the Occupational Safety and Health Administration (OSHA). Judge Strong found Slice had offered no admissible evidence that she was moved as a means of retaliation. Slice offers only her unsupported assertions and provides no admissible evidence with her objections to defeat summary judgment. I agree with Judge Strong that Defendants are entitled to summary judgment on this claim.

Slice raises several objections regarding the disciplinary hearing held on February 29, 2008. She claims she was sanctioned at the hearing for refusing to participate in the Therapeutic Community, which violates her First Amendment rights. The Court has previously dismissed Slice's claims that participation in the Therapeutic Community program violates the First Amendment. Ord. at 3 (Sept. 8, 2009) (dkt #74). To the extent Slice is seeking to assert new First Amendment claims based on the February 29, 2008 hearing, as stated above, she cannot add new claims at this time, and she has offered nothing but unsupported allegations to substantiate this claim.

Slice also objects to comments by Chemical Dependency Counselor Bofto at the disciplinary hearing that Slice claims demonstrate retaliation by Defendants. Bofto is not a defendant in this matter, so statements by her bear little if any weight. Further, the statements she made were reviewed by Judge Strong. I agree

with his conclusion that, although the statements reference Slice's lawsuit, they do not show any retaliatory intent. Slice's objections merely repeat the statements at the hearing, and she offers nothing to undermine the conclusion that the statements were not retaliatory.

I find no clear error in Judge Strong's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (dkt #80) are adopted in full. Defendants' motion for summary judgment (dkt #50) is GRANTED and this matter is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close this matter and to enter judgment in favor of Defendants pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

DATED this 24th day of January, 2010.

Donald W. Molloy, District Judge
United States District Court

6