

**FILED**

MAY 2 4 2012

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| FAYE E. SLICE,<br><br>            Plaintiff,<br><br>   vs.<br><br>JO ACTON, MICHAEL ALDRICH,<br>GLORIA COWEE, and BONNIE<br>LUSBY,<br><br>            Defendants. | Cause No. CV 07-0004-H-DWM<br><br>ORDER |

At issue is Defendants' Motion for Partial Summary Judgment regarding Plaintiff's Third Claim of Retaliation (Dkt. 101), Defendants' Motion to Strike Plaintiff's Sur-reply (Dkt. 108), and Plaintiff's Motion to Postpone the Trial Date. (Dkt. 111). The motions will be denied.

On August 25, 2012, the Ninth Circuit Court of Appeals remanded this matter for further consideration of three incidents which make up Plaintiff Faye Slice's claim that Defendants retaliated against her because she filed complaints with the Montana Human Rights Bureau against the Montana Women's Prison.

Defendants contend in their Motion for Summary Judgment that the third incident (Ms. Slice's disciplinary hearing on February 29, 2008) is barred by res judicata. Defendants claim this incident has been considered and dismissed by the Montana Human Rights Board and thus cannot be considered again by this Court.

"When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." United States v. Wright, 716 F.2d 549, 550 (9th Cir. 1983) (per curiam). That is, a party waives a "contention that could have been but was not raised on [a] prior appeal." Munoz v. County of Imperial, 667 F.2d 811, 817 (9th Cir.), cert. denied, 459 U.S. 825 (1982); Jimenez v. Duron, ___ F.3d___, 2012 WL 1848316 (9th Cir. May 22, 2012).

Ms. Slice raised the February 29, 2008 disciplinary hearing as evidence of retaliatory intent on appeal to the Ninth Circuit Court of Appeals. Defendants addressed the February 29, 2008 incident in detail in their Appellees' Brief. Their argument was two-fold: (1) that this incident was raised too late in the litigation (Appeal 10-35143, Dkt. Entry 25, p. 38); and (2) that the Human Rights Bureau investigation of Slice's claim of retaliation regarding the February 29, 2008 disciplinary hearing demonstrated the claim was meritless. (Appeal 10-35143, Dkt. Entry 25, p. 39-45). Both parties provided the Ninth Circuit with extensive

briefing on the February 29, 2008 incident.  Res judicata was never raised.

Defendants had the opportunity to raise the res judicata issue on appeal.  No evidence was presented with Defendants' current motion, therefore all necessary evidence is and was at the time of appeal in the record.  The proper time to challenge whether the February 29, 2008 disciplinary hearing was barred by res judicata was on appeal in response to Ms. Slice's argument that the hearing was a retaliatory event.  Defendants did not do so and cannot relitigate the issue here.

In <u>Jimenez v. Duron</u>, ___ F.3d___, 2012 WL 1848316 (9th Cir. May 22, 2012), the Ninth Circuit was critical of the defendants' failure to raise an issue on a first appeal stating, "[w]e do not condone and cannot encourage that inefficient and uneconomical approach."  <u>Jimenez</u>, at *4.  As in <u>Jimenez</u>, Defendants here knew everything they needed to know about the res judicata argument at the time of the appeal.  If they wanted to challenge the February 29, 2008 incident on res judicata grounds they should have done so at that time.  They did not do so, the issue has been waived.

The Court cannot refuse to allow Ms. Slice to present evidence regarding the February 2008 disciplinary hearing when the Ninth Circuit specifically found that this Court, "erroneously refused to consider this incident as part of Slice's retaliation claim." (Dkt. 90, p. 5).  Defendants' Motion for Partial Summary

Judgment will be denied.

Given the reasoning of this Order, Defendants' Motion to Strike Ms. Slice's sur-reply is denied as moot. Ms. Slice's Motion to Post-pone the trial date is also denied. The trial in this matter is not scheduled until October 15, 2012. Four and a half months should be more than sufficient time for Ms. Slice to prepare for trial.

Based on the foregoing, the Court issues the following:

## ORDER

1. Defendants' Motion for Partial Summary Judgment Regarding Plaintiff's Third Claim of Retaliation (Dkt. 101) is denied.

2. Defendants' Motion to Strike (Dkt. 108) is denied as moot.

3. Plaintiff's Motion to Post-pone the trial date (Dkt. 111) is denied.

4. At all times during the pendency of this action, Ms. Slice SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Ms. Slice has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 24th day of May, 2012.

Donald W. Molloy, District Judge
United States District Court